**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3528-14T1

LIEUTENANT JOHN KAMINSKAS
and CHIEF DANIEL VANISKA of
the UNION COUNTY POLICE
DEPARTMENT,

        Appellants,

v.

STATE OF NEW JERSEY, DEPARTMENT
OF LAW and PUBLIC SAFETY, OFFICE
OF THE ATTORNEY GENERAL,

        Respondent.

_____

Submitted June 28, 2016 — Decided September 6, 2017

Before Judges Espinosa and Grall.

On appeal from the Department of Law and
Public Safety.

Robert E. Barry, Union County Counsel,
attorney for appellants John Kaminskas and
Daniel Vaniska (Steven H. Merman, on the
brief).

Christopher S. Porrino, Attorney General,
attorney for respondent Department of Law
and Public Safety (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Benjamin H. Zieman, Deputy Attorney General,
on the brief).

PER CURIAM

Appellants, Lieutenant John Kaminskas and his supervisor Chief Daniel Vaniska are officers of the Union County Police Department (UCPD). They are also among the several defendants Emmanuel Mervilus named in a civil action for damages filed in the United States District Court for the District of New Jersey.[1] In that action, Mervilus alleges investigatory and prosecutorial conduct in violation of 42 U.S.C. § 1983 and N.J.S.A. 10:6-1 to 6-2, which he contends led to his wrongful conviction and confinement pending reversal of his conviction and acquittal on retrial. The other defendants in Mervilus's civil action are the Attorney General, Union County, the Union County Prosecutor and an assistant prosecutor under his supervision, and officers of the City of Elizabeth's Police Department.

Mervilus was charged with and convicted of crimes committed in Elizabeth. Elizabeth police officers investigated and made the arrest. Following his arrest, Mervilus agreed and stipulated to a polygraph. Kaminskas administered the polygraph and testified as the State's polygraph expert at trial. This

---

[1] The notice of appeal and briefs erroneously suggest an appeal from a civil action in which Emmanuel Mervilus is the plaintiff and Union County and its officers are the defendants.

court reversed the convictions due to plain error in the admission of Kaminskas's testimony and remanded for a new trial.[2] On retrial, the State did not present the polygraph evidence, and the jury acquitted Mervilus.

On receipt of Mervilus's civil complaint, all Union County defendants asked the Attorney General to provide their defense. The Attorney General denied Kaminskas' and Vaniska's requests but agreed to provide a defense for the prosecutors. The Attorney General based those determinations on: N.J.S.A. 59:10A-1, which permits the Attorney General to provide a defense for state employees; Wright v. State, 169 N.J. 422, 455-56 (2001), which holds that the "unique role of county prosecutorial employees" requires the Attorney General to provide them a defense in civil actions involving investigation and prosecution; and N.J.S.A. 40A:14-117, which requires "the governing body of the county . . . to provide" a defense for officers of county police departments in such actions.[3]

Kaminskas and Vaniska appeal the Attorney General's decision, which is a final decision of a state officer subject to our review. R. 2:2-3(a)(2); Prado v. State, 186 N.J. 413,

---

[2] State v. Mervilus, 418 N.J. Super. 138 (App. Div. 2011).
[3] The Attorney General also relied on an unpublished decision of this court.

422-24 (2006). The Attorney General's denial is based on the law, not on the facts of the case. Cf. id. at 427 (discussing the standard of review applicable to denials based on N.J.S.A. 59:10A-2, which involve an assessment of the employee's conduct). While courts owe no deference to a state officer's interpretation of law, Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973), we agree with the Attorney General's statement of the law. Accordingly, we affirm substantially for the reasons stated in the Attorney General's letter decision of February 26, 2015, as supplemented here.

N.J.S.A. 40A:14-117, directs the county's governing body to provide a defense for an officer of its county police department in this circumstance:

> Whenever a member or officer of a county police . . . department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the county . . . shall provide said member or officer with necessary means for the defense of such action or proceeding . . . .

Where a statute is clear and unambiguous our courts apply it as written, because the statutory language is the best indicator of the Legislature's intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). Through N.J.S.A. 40A:14-117, the Legislature clearly directs the county's governing body to

provide a defense for Kaminskas and Vaniska as officers of the UCPD. See also N.J.S.A. 40A:14-106, -106.2 (authorizing a county governing body to "establish a county police department" and appoint its personnel and requiring the county governing body to provide their training). Additionally, with N.J.S.A. 59:10A-1 to -6, the Legislature delineates the Attorney General's authority to provide a defense for active and former "state employees" only. The Attorney General's denial of representation here is consistent with those statutes and with the narrow exception established in Wright that applies only to county prosecutors and their employees. 169 N.J. at 455-56. In our view, Wright's reasoning should not be extended to create an unnecessary conflict between N.J.S.A. 40A:14-117 and N.J.S.A. 59:10A-1 to -6. See N.J. Ass'n of School Adm'rs v. Schundler, 211 N.J. 535, 555 (2012) (discussing courts' preference for harmonizing statutes so they "work together").

The Attorney General's denial of indemnification is equally consistent with statutory law. See N.J.S.A. 59:10-1 to -2 (delineating the Attorney General's authority to indemnify state employees); N.J.S.A. 59:10-4 (authorizing local public entities to indemnify their employees).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3528-14T1